Day, J.
Tbe relators were competitors witb others in bidding for a contract to supply tbe public offices of Hamil *428 ton county with stationery, etc., during the year 1871, and they seek by this proceeding to compel the commissioners of the county to award the contract to them.
A brief statement will present the case.
November 28, 1870, the county commissioners, pursuant to the act of March 9, 1866 (S. & S. Stat. 86), caused notice to be given, that sealed proposals would be received until December 21, 1870, at noon, “for furnishing the courts, and •county offices with blanks, binding, printing and stationery until December 31,1871; that bids for each article must be stated separately, and that revised forms for bids would be furnished on application ” at the auditor’s office.
Printed forms for bids were furnished to the several bidders. They consisted of “ specifications for furnishing blank books, stationery,-printing and binding for the offices” of -the county, and contained over one hundred and fifty items. The forms were so constructed that the blanks, to be filled by the bidder with the price proposed, called for the price of the various articles singly, or per ream, quire, gross, dozen, etc.; but did not specify the quantity that would be required of any article to be furnished.
Among the proposals that were filed in compliance with the notice, the bid of the relators, and that of Wilstach, Baldwin & Co., are conceded to be the lowest. The items •contained in each of the bids were the same, but the aggregate amount of the several prices fixed in the bid of the relators was $481.10, and in that of Wilstach, Baldwin & Co. it was $510.96. This was the result if but one only of each of the items specified should be required.
But upon a fair estimate of the quantities of the several kinds of articles that would be required for the year, it appeared that the aggregate amount of the cost thereof, at the prices fixed in the bid of the relators, would exceed that of the cost at the prices fixed by Wilstach, Baldwin & Co. This resulted from the fact, that the prices fixed by the relators fol articles that would be required in small quantities were lower, and, for those that would be required in large quantities, were *429 higher, than the prices fixed by Wilstach, Baldwin & Co. on. corresponding articles.
The commissioners refused to award the contract to the re lators. Thereupon they brought this proceeding.
The whole difficulty arises from the fact, that the quantities of each article that would be required under the proposed contract were not fully stated in the specifications fur nished to the bidders. They could not, however, have been so far misled thereby as to suppose that but one of each of the items would be required. For, apart from the evident understanding of the parties to the contrary, it is apparent from the specifications that, in many instances, more than one item would be required to make some of the articles mentioned therein; as, for instance, the various kinds of blank record books mentioned would require more than one-quire of paper for each book, the cost of which could be determined only by the number of quires it contained at the price fixed “ per quire,” and, for some “ blanks books,” at the-prices designated in the separate items of “ paper per quire,” and “ binding per quire.”
It is equally apparent from the specifications and the subject of the proposed contract, that they could not have supposed that an equal number of the various items would be-required.
Nor is it disputed but that the commissioners made a fair estimate of the quantities that would be required during the-ensuing year, amounting in the aggregate, under the bid of the relators, to $7,786.85, and under that of Wilstach, Baldwin & Co., to $7,472.37. But it is claimed by the relators, that as the specifications did not name any quantity, and as-their bid appeared on the face of the specifications to be the lowest, they are, by law, entitled to the contract.
The claim of the relators cannot be sustained without ignoring the purpose and object of the contract proposed to be-made, which was for a supply of blanks, books, stationery, etc., in such quantities as might be needed by the county offices during the period of one year. Although their bid was the lowest, if but one or the same number of every arti *430 cle specified should be required, yet, inasmuch as more than one, and different quantities, of the several articles would be required, in practical effect their bid was not the lowest. It could not be so considered without adhering with unwarrantable strictness to the letter of the bid, in disregard of its .substantial and plain import.
An award of the contract to the relators, then, would have been an evasion of, rather than a compliance with, the statute, which requires the commissioners to award the contract to the lowest responsible bidder.”
The statute, moreover, provides that all contracts entered into in contravention of its provisions, shall, as against the •county, be utterly void.
If the specifications furnished by the commissioners, and the bids founded thereon, were sufficient in law to warrant a •contract for the supplies contemplated, the relators were not entitled to it, for they were not the lowest bidders. If, as claimed by them, the proceedings of the commissioners were such that the contract could not be awarded to any other bidder, it does not follow that they were entitled to it, for, if the proceedings were so defective that the commissioners could not accept the lowest bidder for all the supplies to be contracted' for, they could make no valid contract with either of them.
In any view of the case, the relators fail to show that they have a clear legal right to the contract.
It is well settled that before a mandamus will be granted, the applicant must have a legal right, and that a plain dereliction of duty must be established against the officer. 1 Ohio St. 30; Moses on Mand. 124.
It follows that the writ must be refused.
Scott, C.J., and Welch, White, and McIlvaine, JJ., concurred.